CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6471
brandon.moore@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ANTHONY JONES,<br><br>Defendant. | CASE NO. 26-cr-00365-VC<br><br>[~~PROPOSED~~] DETENTION ORDER |

On July 28, 2026, Defendant Eric Anthony Jones was charged by Indictment with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

This matter came before the Court on August 11, 2026, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Daniel Blank. Assistant United States Attorney Brandon Moore appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers, and arguments presented by the parties during the hearing, the government's memorandum in support of detention, the pre-bail report by Pretrial Services, and for the reasons stated on the record, the Court finds by clear and convincing evidence that, on the

current record, no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

As noted on the record, the Court makes the following findings as the bases for its conclusion: The bail report indicates that the defendant has six prior convictions for burglary, at least five of which were felonies. He also has a prior weapons conviction, similar to the current charge. And he was on post-release community supervision when the alleged current offense happened. The government adds that the most recent burglary conviction (bottom of page 10 in the bail report) also had a firearms enhancement, and that this offense happened while he was on pretrial release in the case listed immediately above. The defendant's many felony convictions show clear and convincing evidence that he is a danger to the community. That he incurred the current charge while on post-release community supervision, and apparently committed his most recent burglary that resulted in a conviction while he was on pretrial release, make clear there are no conditions of release that will mitigate the danger he poses. These findings are made without prejudice to the defendant's right to seek review of his detention or to file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 14, 2026

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge